WALKER. *v.* DAVIS.

The plaintiff agreed to sell and deliver to the defendant a quantity of wood of a stipulated quality. The first lot delivered under the contract, by a mistake of the plaintiff's servants, was of a different and inferior quality. *Held*, that the defendant might rescind the contract, and refuse to accept performance thereof afterwards offered by the plaintiff.

ASSUMPSIT, for not accepting and paying for a quantity of wood according to a contract in writing between the plaintiff and the defendant, made Aug. 1, 1882. By the terms of the contract the wood was to be dry, hard wood, not less than three inches in diameter. Facts found by a referee.

*Daniel Barnard* and *Frank N. Parsons*, for the plaintiff. The defendant's attempted rescission of his contract of purchase upon the ground set up is without authority in law. To illustrate: A makes a valid contract with B to purchase of him his horse "Ned." B directs his servant to deliver to A the horse "Ned." The servant, misunderstanding the name, tenders to A B's mare "Nancy." This B refuses, and, upon a correction of the mistake and a tender to him of the horse "Ned," refuses to complete the contract, because the mare "Nancy" had previously been tendered to him.

The authorities sustain this proposition. "When, however, the · defendant's agreement is continuing, and his liability is to accrue at intervals upon distinct acts of the plaintiff being performed, the noncompletion of the plaintiff's part of the agreement in one instance will not discharge the defendant from liability on a subsequent occasion, when the plaintiff is not in fault. Thus, if a brewer agree to supply good porter to an inn-keeper, and the latter to purchase the same, although the inn-keeper be not bound to take bad porter tendered to him on one occasion, he is liable to receive good porter subsequently offered." Chit. Con. 813; *Weaver v. Sessions*, 6 Taunt. 155.

"If there be only a partial failure of performance by one party to a contract for which there may be compensation in damages, the contract is not put an end to." *Franklin* v. *Miller*, 4 A. & E. 599, 605; *Keenan* v. *Brown*, 21 Vt. 86. "If the thing to be done on the one side, as the consideration of the agreement on the other side, is to be done at several times, a failure at one time will not generally authorize the other party to treat the whole contract as rescinded." 2 Pars. Con. 193; Add. Con. 360, 361. "A contract can, ordinarily, be rescinded only by mutual consent of the parties to it. Therefore a partial failure of performance which may be compensated in damages does not put an end to the contract, or operate as a rescission." *Gatlin* v. *Wilcox*, 26 Ark. 306; 3 U. S. Digest (N. S.) 1872 156, *ss.* 153, 154; *Burge* v. *R. R.*, 32 Iowa

101. " Where a vendee has received and accepted, under a contract of sale, a portion of the goods contracted for, the fact that the goods so accepted were of a quality inferior to that called for by the contract does not authorize him to repudiate the contract altogether, and to refuse to accept the residue ; he may demand goods of the stipulated quality, and if the balance, when offered, prove to be of an inferior quality, may refuse to accept; but if such as the contract calls for, he is bound to accept them." *Cahen* v. *Platt*, 6 N. Y. 348 ; *Jonassohn* v. *Young*, 4 Best & Smith Q. B. 296 ; Benj. Sales 677, 680, and 1829, and cases cited. To entitle a party to rescind an executory agreement, there must be an absolute refusal on the part of the other to execute a substantial part of his agreement. See Morrison Dig. 191, *ss.* 426, 435, 438.

*Sanborn & Hardy*, for the defendant, cited *Avery* v. *Miller*, 118 Mass. 500 ; *Doane* v. *Dunham*, 65 Ill. 512 ; *Brewer* v *Company*, 104 Mass. 593 ; *Shields* v. *Pettie*, 4 N. Y. 122 ; *Azémar* v. *Casella*, 2 L. R. C. P. 677 ; *Hart* v. *Wright*, 17 Wend. 277—*S. C.*, 2 Kent (12th ed.) 480 ; *Street* v. *Blay*, 2 Barn. & Ad. 456 ; *Fisher* v. *Samuda*, 1 Camp. 190 ; *Bradford* v. *Manly*, 13 Mass. 139 ; *Corning* v. *Colt*, 5 Wend. 253 : *Gallagher* v. *Waring*, 9 Wend. 28 ; *Peck* v. *Armstrong*, 38 Barb. 215 ; *Hamilton* v. *Ganyard*, 34 Barb. 204 ; *Flanayan* v. *Demarest*, 3 Rob. 173 ; Lord *Abinger* in *Chanter* v. *Hopkins*, 4 M. & W. 404 ; *Wolcott* v. *Mount*, 36 N. J. Law 262 ; *Bannerman* v. *White*, 10 C. B. N. S. 844 ; 2 Benj. Sales, *s.* 918 ; *Boothby* v. *Plaisted*, 51 N. H. 436 ; *Johnson* v. *Latimer*, 71 Ga. 470 ; *Kaufman* v. *Austin*, 57 Ga. 87 ; *McNaughter* v. *Cassally*, 4 McLean 530 ; *Boorman* v. *Jenkins*, 12 Wend. 566 ; *Conner* v. *Henderson*, 15 Mass. 319 ; *Franklin* v. *Long*, 7 Gill & John. 407 ; *Giles* v. *Edwards*, 7 T. R. 181 ; *Hunt* v. *Silk*, 5 East 449.

CLARK, J. The contract for the sale of the wood was an entire contract. *Gault* v. *Brown*, 48 N. H. 183. The first wood delivered was not properly sorted, through the fault of the plaintiff's servants, and between twenty and thirty cords of a different quality from that contracted for were loaded on the cars at Grafton and forwarded to the defendant at Franklin. The plaintiff, learning that the wood forwarded was not according to the contract, wrote to the defendant stating how it happened to be sent, enclosing a bill for it in which a discount was made because it was not according to contract, and stating that the defendant could pay this bill, or sort the wood to conform to the contract, and charge the expense to him, and promising to conform to the contract in the future. The defendant, upon ascertaining that the wood was not according to the contract, notified the plaintiff that he did not consider himself under any obligation to take any more of the wood, and that he should not do so, for the reason that the plaintiff had

broken the contract. The case finds that the defendant did not waive his right to rescind, if upon the facts he could rescind.

A party to a contract is not bound to accept anything less than a full performance, according to its terms and conditions. The wood forwarded up to the time of the attempted rescission was not in compliance with the contract, and the defendant refused to accept it as such, and notified the plaintiff that he rescinded the contract. This he had a right to do. The wood delivered not being such as the contract called for, the defendant was not bound to receive it. The plaintiff's letter, insisting on an acceptance of the wood and a variation from the original contract, presented the alternative to the defendant, either to accept the wood at a re-duced price, or sort it to conform to the contract, charging the expense to the plaintiff. The defendant was under no obligation to do either. If all the wood contracted for had been delivered at once containing the wood delivered up to the time the notice of the rescission was given, the defendant would not have been compelled to accept it, because it was not of the quality stipulated for.

*Judgment for the defendant.*

ALLEN, J., did not sit : the others concurred.